

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Shepperd
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-3846
Re: Tax on gas used to lift oil
under House Bill 8, Article II,
Acts 47th Legislature.

In your letter of August 8, 1941, you submit the following questions:

"...

"The question has been raised as to the tax applying to gas produced on one lease that may be used for oil lift on another lease; both leases are owned and operated by the same concern but the operator pays lessers royalty on gas taken from the lease other than the one it is used on.

"Please tell me if the tax will accrue on gas produced from Lease A that is used for oil lift on Lease B; if so, will the tax accrue on 8/8 of the production or only on the 1/8 royalty interest.'

"In addition to the above you will please tell me the status of the tax as applying to gas used for oil lift on the same lease."

Exemption from the application of the gas production tax for gas injected into the earth for lifting oil is found in two places in Section 1, Article II, House Bill No. 8, Acts 47th Legislature. The first of these is in the minimum tax provision (designated in our Opinion 0-3516 as rule 2) which reads:

". . . the amount of the tax on sweet and sour natural gas shall never be less than eleven

Honorable George H. Sheppard, Page 2

one hundred fiftieths (11/150) of one (1) cent
per one thousand (1,000) cubic feet on sweet
and sour natural gas sold or produced and saved
in this State and not thereafter lawfully in-
jected into the earth in the State of Texas,
for the following purposes:  . . . (d) lifting
oil . . . "

The second exemption (designated as rule 6) reads as follows:

"In determining the market value of gas
for the purpose of computing the tax due, there
shall be excluded the value of residue gas law-
fully injected into the earth in the State of
Texas for the following purposes:  . . . . .
(e) lifting oil . . . . . save and except, however,
if any gas so injected (into) the earth is sold
for such purposes, then the market value of the
gas so sold shall not be excluded in computing
the tax."

Neither of these exemptions specify that the gas
must be used for lifting oil on the same lease from which
it is produced, or even that it be used by the same opera-
tor who produced the gas.  The only exception from the tax
exemption provided for gas injected for lifting oil is in
the event it is sold for such purpose.  Of course this ex-
ception will apply to and make taxable the gas of a pro-
ducer who ostensibly donates his gas to another operator
for lifting oil for some hidden, though valuable considera-
tion.  It is to be noted that the second exemption expressly
refers to residue gas.  We construe this to mean that when
gas is processed by mechanical methods and hydrocarbons ex-
tracted, the tax will be payable on the production of the
gas based on the applicable formula even though the residue
is thereafter used for lifting oil; but the value of such
residue so used shall be excluded in determining the tax-
able value of the gas as produced.  Where the gas is not
processed in a gasoline plant or other mechanical extraction
process there could be no "residue gas" and in the event
unprocessed gas is used for lifting oil it would be taxable
under the second measure of rule 1 (as referred to in Opin-
ion No. O-3516), i. e. at a value based on "any sum of money
that such gas will reasonably bring if produced and sold in
accordance with the laws, rules and regulations of this
State".  Should you determine that such gas has no market

value whatever, then no tax would be payable thereon, whether processed or not, because the first exemption (from the minimum tax) is not limited, as is the second exemption, to residue gas, but applies to all "sweet and sour natural gas".

Replying specifically to your question, it is our opinion that where gasoline or other products are extracted from gas by a gasoline plant or other mechanical methods (as distinguished from recovery "by means of a separator or by other nonmechanical methods") and the residue gas is not sold but is used for lifting oil, whether on the same lease where produced or on any other lease, the value, if any, of such residue gas so used shall not be taken into account in computing or determining the market value of the gas "as produced".

Where unprocessed gas (i. e., gas from which gasoline and other hydrocarbons have not been extracted by a gasoline plant or other mechanical process) is used for lifting oil, whether on the same lease where produced or on any other lease, the production thereof will be taxed on the basis of its value as produced, determined by the applicable rule for arriving at its taxable value.

Where gas is used for lifting oil on the same lease where produced, it is our understanding that under the terms of the usual oil and gas lease no royalty would be payable on such gas. No problem would therefore arise with reference to the tax on the royalty gas in such instance different from that applying to the lessee's share of the gas.

If under the terms of the lease, or any other contract between the lessee and lessor, a royalty is payable for gas used off the leased premises, a tax will be payable by the lessor on the basis of what he received therefor, whether used for lifting oil or for any other purpose, because in such case the lessor's gas would be sold within the meaning of the exception to the second exemption. See our answer to question 1 in Opinion No. 0-3516.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_

Walter R. Koch
Assistant

WRK:mp

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN